US BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   Henry D. Goldman and Cheryl E. Goldman          Chapter 7
       Debtors                                                                          Case No. 1:12-bk-20059

                                                     Adversary Proceeding No. 13-01161

HENRY D. GOLDMAN and
CHERYL E. GOLDMAN,

Plaintiffs

v.

ECMC a/k/a EDUCATION CREDIT
MANAGEMENT CORPORATION,
ACS a/k/a AFFILIATED COMPUTER
SERVICES, INC. and MEFA a/k/a
MASSACHUSETTS EDUCATIONAL
FINANCING AUTHORITY

Defendants

**The Parties Response to Court's Order dated 10/3/14**

      Plaintiffs, Henry D. Goldman and Cheryl E. Goldman, through their attorney, Steven Sroczynski, and Defendant, Massachusetts Educational Financing Authority, through their attorney, Melissa C. Donohoe, request this Honorable Court not impose sanctions against either party in this matter, and state the following in support thereof and in response to the Court's Order dated 10/3/14:

1. Attorney for Plaintiffs, Steven Sroczynski ("Plaintiff's Attorney") initiated this adversary proceeding against ACS and MEFA on June 19, 2013.

2. On May 14, 2014, Plaintiff's Attorney received a letter from ECMC stating that ECMC was the proper Defendant in this proceeding in order for Plaintiffs to successfully discharge their student loan obligation.

3. On 7/8/14, Plaintiffs Motioned this Court to add ECMC as a Defendant in this proceeding, and their Motion was granted on 7/23/14.

4. On 7/23/14, a Summons was issued on ECMC, which was executed on 7/28/14.

5. Defendant ECMC's Answer was due on 8/22/14.

6. Defendant ECMC has to date not yet filed an Answer.

7. Defendant MEFA filed an Answer on 8/21/14.

8. On 9/15/14, Plaintiff's Attorney and Defendant MEFA's Attorney held a conference pursuant to Fed. R. Civ. P. 26(f).

9. Shortly thereafter, Plaintiff's Attorney contacted ECMC, who has reported that ECMC is considering Plaintiff Henry Goldman's application for discharge due to disability (a non-legal proceeding).

10. Plaintiff's Attorney circulated a draft of a Rule 26(f) Certification and Report in this matter to Defendant on 9/30/14.

11. Attorney for Defendant, MEFA, responded on October 1, 2014, with an edited version of Plaintiff's circulated draft.

12. Plaintiff filed their Rule 26(f) Certification and Report the same day as this document was filed, 10/6/14.

13. Plaintiff neglected to file their Rule 26(f) Certification and Report earlier because Plaintiff was expecting to receive an Answer in this matter from Defendant ECMC, and Plaintiff was hoping to include ECMC in that Certification and Report.

14. Plaintiff additionally neglected to file their Rule 26(f) Certification and Report earlier because Plaintiff has been in contact with a representative from ECMC with the hope of resolving this matter outside of this Proceeding.

15. Justice requires that sanctions are not imposed upon any party in this matter.

16. No injustice will be done by *not* imposing sanctions on any party in this matter.

WHEREFORE, the parties respectfully request that this Honorable Court not impose sanctions upon any party and extend the time for filing the Rule 26(f) Certification and Report until today, October 6, 2014.

Respectfully submitted,

For Plaintiffs Henry D. Goldman and Cheryl E. Goldman:

**/s/ Steven Sroczynski**

**Steven Sroczynski, BBO #680387**
Attorney for Debtors
Thomas F. Williams & Associates
21 McGrath Highway Suite 501
Quincy, MA 02169
(781) 437-7275
Steve.Sroczynski@gmail.com

For Defendant MEFA (Massachusetts Educational Financing Authority):

**/s/ Melissa C. Donohoe**

**Melissa C. Donohoe, BBO#641597**
Attorney for Massachusetts Educational
Financing Authority
Welch & Donohoe, LLP
655 Summer Street, Suite 203

Boston, MA  02210
(617) 428-0222
[mdonohoe@welchdonohoe.com](mailto:mdonohoe@welchdonohoe.com)

Date: October 6, 2014